James L. Martin, ISB No. 4226
Landon S. Brown, ISB No. 9023
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5217
Email: jmartin@hawleytroxell.com
       lbrown@hawleytroxell.com

Blair A. Silver (*pro hac vice forthcoming*)
Philip Warrick (*pro hac vice forthcoming*)
IRELL & MANELLA LLP
750 17th Street, N.W., Ste. 850
Washington, DC 20006
DID: 202.777.6517
Facsimile: 310.556.5334
Email: bsilver@irell.com
       pwarrick@irell.com

Michael D. Harbour (*pro hac vice forthcoming*)
Andrew Henderson (*pro hac vice forthcoming*)
Jason Sheasby (*pro hac vice forthcoming*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: 310.203.7527
Email: MHarbour@irell.com
       dhenderson@irell.com
       jsheasby@irell.com

Attorneys for Defendant Netlist, Inc.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC., Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>NETLIST, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 1:25-cv-00323<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Defendant Netlist, Inc. ("Netlist"), pursuant to 28 U.S.C. §§ 1331, 1338, and 1442 submits this Notice of Removal to remove the action commenced by Plaintiffs Micron Technology and Micron Semiconductor Products, Inc. (collectively, "Micron" or "Plaintiffs") in the District Court of the Fourth District Ada County, Idaho, namely *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-25-09858 (the "State Court Action") to the United States District Court of Idaho.

This is the third suit for bad faith patent enforcement that Micron has brought against Netlist in Idaho state court. Netlist acknowledges that a court in this district previously remanded the other two actions. *See Micron Tech., Inc. v. Netlist, Inc.*, No. 1:24-CV-00001-DCN, Dkt. 25 (D. Idaho 2024); *Micron Tech., Inc. v. Netlist, Inc.*, No. 1:24-CV-00081-DCN, Dkt. 23 (D. Idaho Aug. 13, 2024). Netlist respectfully disagrees with those decisions which, as explained further below, are currently on appeal to the Federal Circuit. Netlist removes this case as well in order to preserve its rights to have this case litigated in federal court. Moreover, as set forth further below, the case for federal subject matter jurisdiction is even stronger in this third action because (1) Micron is asking an Idaho state court to undo a jury verdict rendered in favor of Netlist on May 23, 2024 in the Eastern District of Texas, and (2) Micron is also effectively attempting to prevent the Eastern District of Texas from adjudicating Netlist's declaratory relief action, filed seventeen months before Micron filed the present case, in which Netlist seeks a declaration that none of the patent claims it has asserted against Micron in the Eastern District of Texas were brought in bad faith. Thus, this case clearly raises a "substantial" question of federal law, since Micron is inviting a conflict between state and federal judgments. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909

F.3d 1134, 1140 n.3 (Fed. Cir. 2018).

In support of this Notice of Removal, Netlist states as follows:

1. On June 2, 2025, Micron filed the State Court Action in the District Court of the Fourth District of the State of Idaho, Ada County, styled *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-25-09858.

2. All allegations in the State Court Action relate to two cases between the parties in the United States District Court for the Eastern District of Texas, namely *Netlist, Inc. v. Micron Tech., Inc. et. al.*, No. 22-cv-203 (E.D. Tex. June 10, 2022) (hereinafter "*Micron I*"), where Netlist sued Micron for infringement of U.S. Patent Nos. 10,860,506 ("the '506 Patent"), 10,949,339 ("the '339 Patent"), 11,016,918 ("the '918 Patent"), 11,232,054 ("the '054 Patent"), 8,787,060 ("the '060 Patent"), and 9,318,160 ("the '160 Patent"), and *Netlist, Inc. v. Micron Tech., Inc. et. al.*, No. 22-cv-294 (E.D. Tex. Aug. 1, 2022) (hereinafter "*Micron II*"), where Netlist sued Micron for infringement of U.S. Patent Nos. 7,619,912 ("the '912 Patent"), 11,093,417 ("the '417 Patent"), and 9,858,215 ("the '215 Patent") (collectively, "E.D. Texas Actions"). *See* **Exhibit B-1, at Exhibits 1 and 15; Exhibit B-2, at Exhibit 30**, Complaint in E.D. Texas Actions. *Micron I* was stayed on the eve of trial and remains stayed pending the Federal Circuit appeals of the Patent Trial and Appeal Board's interlocutory validity determinations of the patents asserted in *Micron I*. *Micron II* was tried before a jury, which found that Micron infringed the '912 and '417 patents and awarded Netlist $445 million in damages. *See Micron II*, Dkt. 151 (Final Judgment) (E.D. Tex. July 11, 2024). In the State Court Action, Micron alleges that Netlist's assertion of the '506 Patent, '339 Patent, '060 Patent, '160 Patent, '912 Patent, and '417 Patent against Micron does not comply with Idaho Code § 48-1703.

3.      The State Court Action is the third such action that Micron has brought against Netlist. On December 11, 2023 and January 16, 2024 respectively, Micron filed two related actions in the District Court of the Fourth District of the State of Idaho, Ada County: *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-23-19920 ("*Idaho I*") and *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-24-01032 ("*Idaho II*"). Netlist removed both *Idaho I* and *Idaho II* to the United States District Court for the District of Idaho, which the Court remanded on August 13, 2024. *See Micron Tech., Inc. v. Netlist, Inc.*, No. 1:24-CV-00001-DCN, 744 F. Supp. 3d 1115 (D. Idaho 2024); *Micron Tech., Inc. v. Netlist, Inc.*, No. 1:24-CV-00081-DCN, 2024 WL 3794139 (D. Idaho Aug. 13, 2024). The Federal Circuit is currently reviewing these remand orders in a consolidated appeal, in which the parties completed briefing on May 30, 2025, and should issue a decision within the next 12-16 months. *See Micron Technology, Inc. v. Netlist, Inc.*, Nos. 24-2281, -2282 (Fed. Cir.).

4.      On December 22, 2023, over 17-months before Micron filed the State Court Action, Netlist filed a Complaint in the Eastern District of Texas before Judge Gilstrap, the same judge that has presided over *Micron I* and *Micron II*, seeking a Declaratory Judgment that Netlist's assertions of the nine patents against Micron in *Micron I* and *Micron II* were not "objectively baseless" and thus not brought in bad faith under Idaho Code § 48-1703 or, to the extent that Micron argues that a finding of objective baselessness is not required under Idaho Code § 48-1703, the Idaho bad faith statute is preempted by federal law and violates the First Amendment. *Netlist, Inc. v. Micron Tech., Inc. et. al.*, No. 23-cv-628 (E.D. Tex. Dec. 22, 2023) (hereinafter "*Declaratory Judgment Action*"), **Exhibit F**; **Exhibit G**, ¶¶ 32, 33-81 (setting forth the basis for

Netlist's infringement theories), 102. Each ground of relief that Netlist seeks is governed by federal law.

5.  Netlist was served with a copy of the State Court Action Summons and Complaint on June 3, 2025.  Netlist has not been served with any other process, pleadings, or orders in the State Court Action.  True and correct copies of the Summons and Complaint (with exhibits) served on Netlist in the State Court Action are attached as **Exhibits A** and **B** respectively.

6.  Attached hereto as **Exhibit C** is a true and correct copy of the state court Civil Case Docket Sheet.  Attached hereto as **Exhibit D** are the pro hac vice motions filed and orders entered in the state court case referenced in that docket. Attached hereto as **Exhibit E** is the Proof of Service filed in the state court case referenced in that docket.

7.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) in that thirty (30) days has not expired since June 3, 2025, the date on which Netlist was served with a copy of the Summons and Complaint.

8.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331 and 1338, which provide for removal of civil actions arising under laws of the United States, including claims for relief arising under any Act of Congress relating to patents.  Removal is proper under 28 U.S.C. §§ 1331 and 1338 because Micron's claim for relief necessarily requires resolution of a substantial question of federal patent law.  28 U.S.C. § 1338 ("No State Court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents.").

9.  This Notice of Removal is also filed pursuant to 28 U.S.C. § 1442 because Netlist's title to the '506 Patent, '339 Patent, '060 Patent, '160 Patent, '912 Patent, and '417 Patent rights are derived from a federal officer/agency, the Director of the United States Patent & Trademark

Office (USPTO), and the State Court Action turns on the validity of the federal patent laws providing for what patent holders can do with their intellectual property.

10. Each ground of removal offers a sufficient basis for removal to the United States District Court of Idaho.

### Removal Pursuant to 28 U.S.C. §§ 1331 and 1338

11. In accordance with 28 U.S.C. §§ 1331 and 1338, this case is removable to this Court on the ground that Micron's claims in the State Court Action arise under federal law. *See Gunn v. Minton*, 568 U.S. 251, 257-58 (2013) ("A federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disruption [of] the federal-state balance approved by Congress."); *see also Grable & Sons Metal Prods., Inv. V. Darus Eng'g & Mfg.*, 545 U.S. 308, 316 (2005) (Removal is proper if "it is plain that a controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial.") (citing *Hopkins v. Walker*, 244 U.S. 486, 289 (1917)). The removal of claims pled as state law claims is proper when they "necessarily raise a stated federal issue, actually disputed and substantial, where a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

12. On its face, Micron's Complaint in the State Court Action raises issues of federal patent law that are actually disputed and substantial under *Gunn/Grable*. Micron's bad faith assertion claim in the State Court Action hinges entirely on the E.D. Texas Actions, requiring Micron to prove non-infringement and invalidity of the '506 Patent, '339 Patent, '060 Patent, '160 Patent, '912 Patent, and '417 Patent. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3, (Fed. Cir. 2018) ("[T]o prevail on its tortious interference claim [based on alleged bad

faith enforcement of patent], Maxchief would have to prove that Wok engaged in 'unfounded litigation,' *see Trau-Med of Am., Inc. v. All-state Ins. Co.*, 71 S.W.3d 691, 701 n.5 (Tenn. 2002), which in turn would ***require Maxchief to prove non-infringement or invalidity of Wok's patents***."). The exhibits Micron attached to the Complaint in the State Court Action include Netlist's federal patent infringement complaints in the E.D. Texas Actions, Micron's motions to stay the E.D. Texas Actions, as well as six IPR petitions and subsequent decisions by the PTAB, which Micron alleges, "detailed evidence showing the[] [asserted claims] to be unpatentable and the asserted claims meritless" such that "Netlist knew, and any reasonable litigation should have known, that the '506, '339, '060, '160, '912, and '417 Patents were invalid." Exhibit B, at ¶¶ 5-6, 11, 26-59 (referencing the pleadings from the E.D. Texas Actions, attached as Exhibits 1, 15, and 30, IPR petitions, attached as Exhibits 2-5 and 16-17, IPR decisions, attached as Exhibits 8-9, 13-14, 19, 21, 26-29, 32, and 34, and Micron's stay motions, attached as Exhibits 6-7, 10, 18, and 20 to State Court Action Complaint, Exhibits B-1 and B-2). Micron's purported right to relief depends on its insistence that Netlist allegedly asserted a bad faith patent infringement claim regarding the '506 Patent, '339 Patent, '060 Patent, '160 Patent, '912 Patent, and '417 Patent. *Id*. at ¶¶ 29-33. Federal patent law is therefore central to the parties' dispute.

13. The disputed patent issues underlying Micron's bad faith patent assertion claim are ongoing, as all of the IPR decisions are currently on appeal, the *Micron I* and the *Declaratory Judgment Action* remain stayed and may proceed to trial, and substantial, just as "'similar state law claims premised on allegedly false statements about patents raised a substantial question of federal patent law,' thus conferring jurisdiction under § 1338." *Maxchief.*, 909 F.3d 1134, 1140 n.3, (Fed. Cir. 2018) (citing *Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d

1329, 1334 (Fed. Cir. 2013)). Micron's complaint indicates the action arises under federal law because Micron's purported right to relief originating from the Idaho statute necessarily depends on resolution of a substantial question of federal patent law, and the action satisfies the test for "arising under jurisdiction" recited in *Gunn*, 568 U.S. 251, 257-58.

### Removal Pursuant to 28 U.S.C. § 1442(a)(2)

14. This Court also has jurisdiction over this action under 28 U.S.C. § 1442(a)(2), which authorizes removal of a state-court action "against or directed to" (1) "[a] property holder" (2) "whose title is derived from any officer of the United States or any agency thereof," (3) "where such action or prosecution affects the validity of any law of the United States." Each requirement applies here.

15. The Complaint was commenced in Idaho State Court, and is directed at Netlist, the holder of the exclusive license to the '506 Patent, '339 Patent, '060 Patent, '160 Patent, '912 Patent, and '417 Patent, a property right granted by the Director of U.S. Patent & Trademark Office. *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1130 (Fed. Cir. 1995) ("The [Patent Act] . . . defines 'patentee' to include the party to whom the patent was issued and the successors in title to the patent"); *Consolidated Fruit-Jar Co. v. Wright*, 94 U.S. 92, 96 (1876) ("patent for an invention is as much property as a patent for land.").

16. Under Section 1442(a)(2), the validity of a federal law is affective where the object of the law stands to be frustrated by the action. *See Town of David v. W. Virginia Power & Transmission Co.*, 647 F. Supp. 2d 622, 627 (N.D.W.Va. 2007) (holding Section 1442(a)(2) removal proper where the object of federal regulations "stands to be frustrated by this action"); *see also Bithorn v. Rosello-Gonzalez*, Civil No. 01-2053 (DRD), 2002 WL 35633563, at *8-9 (D.P.R.

Mar. 18, 2002) (holding Section 1442(a)(2) removal proper where defense is based on property rights depending on federal law), *report and recommendation adopted sub nom. Benitez-Bithorn v. Rossello-Gonzalez*, 200 F. Supp. 2d 26 (D.P.R. 2002). This action would affect the validity of various United States laws, including those granting patent rights, for example, 35 U.S.C. §§ 151, 271, 281, 282, and 287, by seeking to restrain Netlist from enforcing rights to which it is entitled to under the Patent Act.

## COMPLIANCE WITH REMOVAL PROCEDURES

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

18. Removal to the United States District Court for the District of Idaho is appropriate because it is the "district court of the United States for the district and division within which the action is pending." 28 U.S.C. § 1446(a).

19. Netlist is the only Defendant that has been served in this action and it may therefore remove the action without the consent of any other party.

20. Netlist is serving written notice of the filing of this Notice of Removal upon Micron and will cause a copy of this Notice to be filed with the Court Clerk of the District Court of the Fourth District, Ada Country, in accordance with 28 U.S.C. § 1446(d). Such notice (without its referenced exhibit) is attached as **Exhibit H**.

21. All documents to be attached to a notice of removal pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 are attached as Exhibits A-E.

22. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant removes to this Court the above-referenced State Court Action now pending in the District Court of the Fourth District, Ada County, Idaho.

DATED THIS 24th day of June, 2025.

         HAWLEY TROXELL ENNIS & HAWLEY LLP


         By */s/ James L. Martin* _____
          James L. Martin, ISB No. 4226
          Attorneys for Defendant Netlist, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2025, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Teague I. Donahey *tidonahey@hollandhart.com* | Christopher C. McCurdy *ccmccurdy@hollandhart.com* |
| Jared Bobrow (*pro hac vice forthcoming*) *jbobrow@orrick.com* | Jason Lang *jlang@orrick.com* |
| Kim B. Goldberg (*pro hac vice forthcoming*) *kgoldberg@orrick.com* | |

Dated: June 24, 2025

By: */s/ James L. Martin*
James L. Martin, ISB No. 4226
Attorneys for Defendant Netlist, Inc.