# Exhibit B

Electronically Filed
6/2/2025 2:48 PM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Breanna Johnson, Deputy Clerk

Teague I. Donahey (ISB #9963)
tidonahey@hollandhart.com
Christopher C. McCurdy (ISB #8552)
ccmccurdy@hollandhart.com
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  (208) 342-5000

Jared Bobrow (*pro hac vice* application forthcoming)
Jason Lang (*pro hac vice* application forthcoming)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  (650) 614-7405
Email:        jbobrow@orrick.com
               jlang@orrick.com

Wesley L. White (*pro hac vice* application forthcoming)
Kim B. Goldberg (*pro hac vice* application forthcoming)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-5203
Email:        wwhite@orrick.com
               kgoldberg@orrick.com

Attorneys for Plaintiffs Micron Technology, Inc. and
Micron Semiconductor Products, Inc.

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

## STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICRON TECHNOLOGY, INC., a Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation,<br><br>   Plaintiffs,<br><br>vs.<br><br>NETLIST, INC., a Delaware corporation,<br><br>   Defendant. | Case No. <br><br>**COMPLAINT FOR VIOLATIONS OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT)**<br><br>**JURY TRIAL DEMANDED**<br><br>**(Part 1 of 2 - Exhibits 1-22)** |

Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron"), through their counsel, Holland & Hart LLP and Orrick, Herrington & Sutcliffe LLP, bring this Complaint against Defendant Netlist, Inc. ("Netlist"), alleging as follows:

## I.    INTRODUCTION

1.      Micron brings this action under the Idaho Bad Faith Assertions of Patent Infringement Act (Idaho Code, tit. 48, ch. 17) ("the Act"). The Act, promulgated under Idaho's historic police powers, codifies the state's strong public policy against bad-faith assertions of patent infringement. The Act recognizes that "abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Idaho companies" and "undermine Idaho's efforts to attract and nurture" local technology and knowledge-based companies, which can "harm[] Idaho's economy." Idaho Code § 48-1701(1)(d)-(e). Accordingly, to "protect Idaho businesses" and to "build Idaho's economy," *id.* § 48-1701(2), the Act makes it "unlawful for a person to make a bad faith assertion of patent infringement," *id.* § 48-1703(1), and declares "[a]ny violation" to be "an unlawful, unfair[,] and deceptive act or practice in trade or commerce." *Id.* § 48-1703(4). To further disincentivize such conduct, the Act provides victims with the means to fight back, furnishing them with a private cause of action authorizing the award of equitable relief, compensatory damages, exemplary damages, and costs and fees. *Id.* § 48-1706.

2.      Micron is exactly the type of company that the Act is designed to protect. Micron is Idaho's most successful technology business and largest for-profit employer. Micron began in 1978 as a four-person semiconductor-design company in the basement of a Boise dental office.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 1**

Since then, Micron has become a world leader in innovative computer-memory and data-storage solutions, employing more than 6,000 people in Idaho. As Micron has grown into a global semiconductor innovator, Boise has remained its home, serving as the location of Micron's headquarters and principal research and development center. Indeed, Micron began construction on a new 600,000 square-foot semiconductor fabrication plant in Boise in October 2023, part of a $15 billion investment in developing leading-edge memory manufacturing in Boise that is expected to create over 17,000 new jobs. But Micron's success has come with a price: fending off baseless assertions of patent infringement by patent enforcement entities. These patent holders attempt to shake down Micron for license fees and, if Micron refuses, attempt to strong-arm compliance by forcing Micron to spend millions of dollars defending itself in necessarily complex and protracted patent litigation.

3.      One such entity that Micron has had to fend off is Defendant Netlist. Unable to compete with innovators in the marketplace, Netlist's "business" has become bringing patent infringement suits, apparently to drive up litigation costs and pressure the true innovators, such as Micron, to pay what amounts to a business tax, *i.e.*, pay Netlist to settle meritless suits to avoid the distraction and expense of litigation. True to that mission, Netlist targeted Micron by alleging infringement of facially invalid patents. Idaho's statute unambiguously characterizes this type of conduct as bad-faith patent assertion.

4.      On June 10, 2022, Netlist sued Micron in the United States District Court for the Eastern District of Texas, alleging infringement of six patents: U.S. Patent Nos. 8,787,060 (the "'060 Patent"), 9,318,160 (the "'160 Patent"), 10,860,506 (the "'506 Patent"), 10,949,339 (the "'339 Patent"), 11,016,918 (the "'918 Patent"), and 11,232,054 (the "'054 Patent") (the "203

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 2**

Case"). Ex. 1, ¶¶ 66-125.[1]  Netlist sued Micron on the '506 and '339 Patents even though it

should have known they were unpatentable, because another company had previously filed

detailed and persuasive petitions for *inter partes* review ("IPR") at the U.S. Patent Office Patent

Trial and Appeal Board (the "PTAB") challenging the validity of those patents three months

earlier, in March 2022.  Exs. 2-3.  The same company went on to file similarly detailed and

persuasive challenges to the '060 and '160 Patents two months later, in August 2022.  Exs. 4-5.

5.     The PTAB instituted IPR proceedings on the '506 and '339 Patents in October

2022, and on the '060 and '160 Patents in April 2023, finding a reasonable likelihood that at

least one claim in each patent would be invalidated.  In light of those proceedings Micron asked

Netlist in May 2023 to stay the district court case pending resolution of the PTAB proceedings, a

request it reiterated in its June 2023 reply brief.  Exs. 6-7.  Netlist refused, instead filing both an

opposition and a sur-reply to Micron's stay motion in June 2023 and insisting that the parties

continue to prepare for trial.

6.     In October 2023, the PTAB issued Final Written Decisions finding all asserted

claims of the '506 and '339 Patents obvious on multiple grounds and therefore unpatentable.

Exs. 8-9.  Micron promptly notified the Eastern District of Texas of those determinations and

renewed its request that the case be stayed rather than proceeding to trial (then set for January

2024).  Ex. 10.  Three days later, Netlist dropped its claims for infringement of those patents but

continued to assert the remaining claims in the 203 Case.  In December 2023, following the

PTAB's determination that two other patents involved in the case were unpatentable, Micron

---

[1] Netlist's assertion of the '918 Patent and '054 Patent is the subject of a different action pending
between the parties in this court and is not at issue in this action.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 3**

renewed its motion to stay, noting that the PTAB's decisions on the remaining patents—the '060 and '160 Patents—were expected in April 2024. It requested oral argument—a request Netlist opposed.

7.      In January 2024, the magistrate judge in the Eastern District of Texas suit issued a report and recommendation that the district court deny Micron's motion to stay. Ex. 11. Micron objected, arguing that the parties and court should not waste resources trying invalid patents to a jury. Netlist disagreed and continued to demand that the parties proceed to trial. On January 31, 2024, the court adopted the report and recommendation and denied Micron's stay motion. Ten days later, though, on February 10, 2024, the district court judge *sua sponte* entered an order staying the suit pending the PTAB's final written decisions on the challenges to the '060 and '160 Patents. The court noted that a stay was warranted where four of the six asserted patents had already been invalidated by the PTAB and decisions on the remaining two patents were expected by April 2024. Ex. 12.

8.      Thereafter, in April 2024, the PTAB as expected issued Final Written Decisions finding all asserted claims of the '060 and '160 Patents obvious on multiple grounds and therefore unpatentable. Exs. 13-14. Later that month, Netlist sought to lift the stay—a gambit the court rejected. Instead, it entered an order in June 2024 keeping the stay in place, noting that the original stay reasoning was even stronger given that all asserted claims of all six patents in suit had been invalidated.

9.      Netlist opened an additional front in its litigation campaign against Micron in the Eastern District of Texas on August 1, 2022, this time alleging infringement U.S. Patent No. 7,619,912 (the "'912 Patent") (the "294 Case"). On August 15, 2022, it amended its complaint

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 4**

to further allege infringement of U.S. Patent No. 9,858,215 (the "'215 Patent") and 11,093,417

(the "'417 Patent"). Ex. 15, ¶¶ 38-69. Netlist sued Micron on the '912 Patent even though it

should have known it was unpatentable given the detailed and persuasive petition another

company had filed with the PTAB nearly six months earlier, in February 2022. Ex. 16. A

similarly detailed and persuasive challenge was filed against the '417 Patent in January 2023.

Ex. 17. The PTAB instituted IPR proceedings challenging all asserted claims of the '912 Patent

in October 2022 and the '417 Patent in August 2023, each time based on its view that at least one

claim of each was likely to be shown to be unpatentable. Micron therefore moved in December

2023 to stay the 294 Case pending resolution of the PTAB proceedings. Ex. 18.[2] Netlist

opposed that request too. (Netlist had by November 2023 dropped its infringement allegations

concerning the '215 Patent.)

    10.    In April 2024, the PTAB, as expected from the outset, issued a Final Written

Decision finding the sole asserted claim of the '912 Patent obvious on multiple grounds and

therefore unpatentable. Ex. 19. Despite the '912 Patent claim being found unpatentable, Netlist

opposed Micron's renewed request in April 2024 that Netlist drop the '912 Patent from its

district court case, or at least stay proceedings on the '912 and '417 Patents (on which the

PTAB's decision was expected in a few months). Ex. 20. Yet again, Netlist refused to pause in

its march to trial, even though it had acknowledged to the court in the 203 Case that the odds of

getting PTAB decisions overturned on appeal are very low. Instead, apparently in order to put

pressure on Micron to settle, Netlist insisted on going to trial on the '912 Patent—which the

---

[2] Micron filed its Motion to Stay while the 294 Case was consolidated with Lead Case
No. 2:22-cv-293.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 5**

PTAB had already found unpatentable—and the '417 Patent in May 2024. That decision forced Micron to waste time and resources and incur significant expenses for attorneys and experts to defend against Netlist's baseless patent claims at a federal jury trial. In July 2024, the PTAB, once again as expected from the outset, issued a Final Written Decision finding all claims of the '417 Patent obvious on multiple grounds and therefore unpatentable. Ex. 21. The jury at the '912 and '417 Patent trial in May 2024 was not shown or asked to decide the grounds for invalidity presented to the PTAB, nor was the jury told about the PTAB's April 2024 conclusion that the '912 Patent was unpatentable.

11.    Netlist's conduct is unjustified, both subjectively and objectively. Netlist knew, and any reasonable litigant should have known, that the '506, '339, '060, '160, '912, and '417 Patents were invalid, but persisted in asserting them against Micron even after receiving detailed evidence showing them to be unpatentable and the asserted claims meritless and in some cases even after the PTAB issued final written decisions finding the claims unpatentable. Patent law does not supply a license to make such bad-faith assertions, which the Act renders unlawful under the "well established state power" of "providing 'common-law and statutory remedies against monopolies and unfair business practices.'" *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 388 (2015) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989)).

12.    For these reasons and those set forth below, Netlist should be held liable for engaging in unfair business practices in contravention of Idaho law.

## II.    PARTIES

13.    Plaintiff Micron Technology, Inc. is a Delaware corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 6**

14.     Plaintiff Micron Semiconductor Products, Inc. is an Idaho corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

15.     Defendant Netlist is a Delaware corporation having a principal place of business at 175 Technology Drive, Suite 150, Irvine, California 92618.  Netlist's principal activities are patent-monetization and patent enforcement.

### III.     JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this action, pursuant to Idaho Const. Art. V, § 20 and Idaho Code § 1-705.  The amount in controversy in this action exceeds $10,000, exclusive of interest, costs, and attorney's fees.

17.     This Court has personal jurisdiction over Netlist for the purposes of this action, pursuant to Idaho Code § 48-1704 because Netlist engaged in intentional conduct expressly aimed at Micron, an Idaho company, and the harm from that conduct was felt in Idaho.  Netlist filed the baseless 203 and 294 Cases against Micron knowing that the harm from those litigations would be felt in Idaho, where Micron is headquartered.  In addition, Netlist reached into Idaho to transact business with Micron, an Idaho company.  Netlist sent Micron a proposed licensing agreement in June 2022 and met with Micron representatives twice in July 2022 to attempt to reach agreement on licensing terms (including one meeting remotely attended by a Micron employee from Idaho).  Netlist also came to Idaho to conduct inspections of Micron documents in Boise, Idaho for purposes of asserting the invalid '506, '339, '060, '160, '912, and '417 Patents (among others) against Micron.  *See* Idaho Code § 48-1704(1) ("Any person outside this state sending a demand letter to an Idaho person shall be deemed to be transacting business within this state within the meaning of section 5-514(a), Idaho Code, and shall thereby be subject

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 7**

to the jurisdiction of the courts of this state."). Each of the two Micron plaintiffs here is an

"Idaho Person" as defined in Idaho Code § 48-602, and each is a "Target" under Idaho Code

§§ 48-1702(3)(a)-(b). In addition, this Court has jurisdiction over Netlist for purposes of this

action, pursuant to Idaho Code § 5-514, because Netlist has transacted business in Idaho, as

defined in Idaho Code § 5-514(a), *e.g.*, by advertising its sales support in Idaho. *See*

https://netlist.com/us-international/. Netlist has twice been found subject to personal jurisdiction

in this Court for similar conduct against Micron in suits also arising under the same statute. *See*

Order Denying Netlist Mot. to Dismiss, *Micron Tech., Inc., et al. v. Netlist Inc.*, Case

No. CV01-23-19920 (Dist. Ct. for the 4th Jud. Dist. of the State of Idaho, in and for the County

of Ada) (Dec. 5, 2024) (Cawthon, J.); Mem. Dec. & Order on Def.'s Mot. to Dismiss, *Micron

Tech., Inc., et al. v. Netlist Inc.*, Case No. CV01-24-01032 (Dist. Ct. for the 4th Jud. Dist. of the

State of Idaho, in and for the County of Ada) (Dec. 20, 2024) (Baskin, J.).

       18.     Venue is proper in this Court pursuant to Idaho Code § 5-404 because Netlist

does not reside in Idaho and Micron designates this Court as the proper county in this Complaint.

## IV.    FACTUAL ALLEGATIONS

### A.    Idaho's Bad Faith Assertions Of Patent Infringement Act

       19.     Idaho's legislature passed Idaho's Bad Faith Assertions of Patent Infringement

Act (the "Act") to help protect Idaho's creators, consumers, and marketplace from abusive

patent-assertion tactics. As the Act explains, "Idaho is striving to build an entrepreneurial and

knowledge-based economy. Attracting and nurturing information technology (IT) and other

knowledge-based companies are important parts of this effort and will be beneficial to Idaho's

future." Idaho Code § 48-1701(1)(a). Bad-faith assertions of patent infringement hinder these

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 8**

goals. *Id.* § 48-1701(1)(d)-(e).  "A business that receives a letter or other communication

asserting such claims faces the threat of expensive and protracted litigation and may feel that it

has no choice but to settle and to pay a licensing fee, even if the claim is meritless," "harm[ing]

Idaho companies." *Id.* § 48-1701(1)(d).  And "[f]unds used to avoid the threat of bad faith

litigation are no longer available to invest, produce new products, expand[,] or hire new workers,

thereby harming Idaho's economy" as well.  *Id.* § 48-1701(1)(e).

20.    To prevent these harms and to promote the public good, the Act, like similar

legislation in over 30 other states, forbids bad-faith assertions of patent infringement as a matter

of state unfair-competition law, Idaho Code § 48-1703(1), (4), a "traditional[]" and "well

established" area of state authority within the scope of "the historic police powers of the States."

*ARC Am.*, 490 U.S. at 101 (internal quotation marks omitted); *Oneok,* 575 U.S. at 388 (same).

Under this authority, states may "make reasonable regulations . . . calculated to protect [their]

citizens" from "evil," regardless of whether those regulations touch upon patent rights.  *Allen v.*

*Riley*, 203 U.S. 347, 355-58 (1906) (state statute requiring proof of patent ownership in certain

transactions permissible).  As such, although "state unfair competition claims" may depend on

"substantial question[s] of federal patent law," "state unfair competition law" legitimately

"regulates conduct in a different field from federal patent law."  *Hunter Douglas, Inc. v.*

*Harmonic Design*, 153 F.3d 1318, 1333-34 (Fed. Cir. 1998), *overruled on other grounds by*

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-59 (Fed. Cir. 1999) (en banc

in relevant part); *see Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 166 (1989)

("[T]he law of unfair competition . . . ha[s] coexisted harmoniously with federal patent

protection for almost 200 years."); *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368,

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH**
**ASSERTION OF PATENT INFRINGEMENT) - 9**

1373 (Fed. Cir. 1994) ("Unfair competition law and patent law have long existed as distinct and

independent bodies of law, each with different origins and each protecting different rights.").

      21.      The Act is wholly consistent with federal patent law and respects the boundaries

of the federal patent system. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 479 (1974);

*accord Hunter Douglas*, 153 F.3d at 1334-35 ("The only limitation on the States . . . in

regulating the area of patents" is that state legislation "not conflict with the operation of the laws

in this area passed by Congress." The Act acknowledges that "[p]atents are essential to

encouraging innovation"; that "the protections afforded by the federal patent system create an

incentive to invest in research and innovation"; and that "[p]atent holders have every right to

enforce their patents when they are valid and infringed, to solicit interest from prospective

licensees[,] and to initiate patent enforcement litigation as necessary to protect intellectual

property." Idaho Code § 48-1701(1)(b). The Act likewise emphasizes that it is not intended to

"interfere with the good faith enforcement of patents or good faith patent litigation." *Id.*

§ 48-1701(c). Rather, the Act is "narrowly focused," seeking to "facilitate the efficient and

prompt resolution of patent infringement claims, protect Idaho businesses from abusive and bad

faith assertions of patent infringement[,] and build Idaho's economy" without impinging upon

"legitimate patent enforcement actions." *Id.* § 48-1701(2). Therefore, the Act makes unlawful

only "bad faith assertion[s] of patent infringement," *id.* § 48-1703(1), setting forth a set of

nonexclusive factors, including factors that go to both objective and subjective reasonableness to

inform whether a patent holder's conduct crosses the line, *id.* § 48-1703(2)-(3).

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 10**

22.    In non-exclusive fashion, the Act provides factors that "[a] court may consider . . . as evidence that a person *has* made a bad faith assertion of patent infringement," which include:

> (d) The demand letter demands payment of a license fee or response within an unreasonably short period of time.
>
> (e) The person offers to license the patent for an amount that is not reasonably based on the value of a license to the patent.
>
> (f)  The person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless.
>
> (g) The claim or assertion of patent infringement is deceptive.
>
> (h)  The person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement based on the same or similar claim, the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless.

Idaho Code § 48-1703(2) (emphasis added).

23.    Because the Act creates liability only for bad-faith assertions of patent infringement, the Act, like "the law of unfair competition" generally, "coexists harmoniously with federal patent protection." *Bonito Boats*, 489 U.S. at 166.  Patent law does not countenance assertions made in bad faith, so states may outlaw such conduct under their "authority to protect businesses and regulate unfair competition" (as more than 30 of them have). *Katana Silicon Techs. LLC v. Micron Tech., Inc.*, No. 1:22-cv-00273-DCN, 2023 WL 3231201, at *4 (D. Idaho May 3, 2023); *see, e.g.*, *Hunter Douglas*, 153 F.3d at 1336-37 (permitting liability for "state law torts" premised on "bad faith enforcement of a patent").

24.    The U.S. District Court for the District of Idaho has held that "the Act is not preempted by federal law," explaining that the Act "plays in close harmony with" and "strikes a

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 11**

similar balance" as federal patent law, as both "have the end goal of protecting valid patents" and patent assertions "without enabling bad-faith or vexatious litigation." *Katana*, 2023 WL 3231201, at *5, 7, 12; *cf. id.* at *8 (noting that "courts asked to review . . . state acts" like the Idaho Act "have upheld their constitutionality" (collecting cases)); *see also Micron Tech., Inc. v. Netlist, Inc.*, 744 F. Supp. 3d 1115 (D. Idaho Aug. 13, 2024) (remanding case to state court); *Micron Tech., Inc. v. Netlist, Inc.*, No. 1:24-cv-00081-DCN, 2024 WL 3794139 (D. Idaho Aug. 13, 2024) (same). For example, the Patent Act disapproves of baseless assertions in its fee-shifting provision, 35 U.S.C. § 285, which permits fee awards in cases "presenting either subjective bad faith or exceptionally meritless claims." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). Idaho's Act "has the same essential purpose[]" in creating further consequences for patentees when they wrongly pursue claims. *Katana*, 2023 WL 3231201, at *7; *cf. Bonito Boats*, 489 U.S. at 166 (approving unfair-competition law in part because "Congress has . . . given federal recognition to many of the concerns that underlie the state tort of unfair competition"). And the creation of additional consequences is Idaho's prerogative. *Katana*, 2023 WL 3231201, at *8. "'Ordinarily, state causes of action are not pre-empted solely because they impose liability over and above that authorized by federal law.'" *English v. Gen. Elec. Co.*, 496 U.S. 72, 89 (1990) (quoting *Arc America*, 490 U.S. at 105).

25.     The remedies provided by the Idaho Act are not duplicative of those provided by federal law, such as 35 U.S.C. § 285. Rather, Idaho Code § 48-1706(2) provides that "[t]he remedies provided for in this chapter are not exclusive and shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other statute."

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 12**

### B.    Netlist's Bad-Faith Assertions Against Micron

26.    On June 10, 2022, Netlist filed a complaint against Micron in the U.S. District Court for the Eastern District of Texas. Ex. 1. Netlist alleged, among other things, that Micron infringed six patents: the '506, '339, '060, and '160 Patents, as well as two other patents (the '054 and '918 Patents, which are not at issue here but instead are subject to a different litigation between Micron and Netlist). *Id.* ¶¶ 66-125.

27.    Netlist's claims that Micron infringed the '506 and '339 Patents and its repeated decisions to continue to litigate those claims were in bad faith. More than two months before it filed its complaint in the 203 Case, Netlist had received extensive documentation showing clearly and persuasively that those two patents are invalid as obvious under 35 U.S.C. § 103. Specifically, on March 2, 2022, Samsung Electronics Co., Ltd. ("Samsung") filed petitions at the PTAB challenging the validity of all claims of the '339 Patent and the '506 Patent. The petitions, which were supported with expert testimony and extensive prior art, demonstrated that the claims of those patents were obvious (and therefore unpatentable) under 35 U.S.C. § 103 on multiple grounds. Exs. 2-3. The '506 petition was 128 pages in length, described five relevant prior art references, and set forth six different grounds that rendered the challenged claims unpatentable. Ex. 2 at 1-2, 11-20. The '506 petition was further supported by a detailed, 258-page declaration from Samsung's expert, Dr. Robert Wedig. Ex. 22. The '339 petition was 152 pages in length, and described two relevant prior art references that rendered the challenged claims unpatentable. Ex. 3 at 1-2, 11-13. The '339 petition was further supported by a detailed, 495-page declaration from Samsung's expert, Dr. Vivek Subramanian. Ex. 23. Ignoring this detailed evidence of invalidity, Netlist forged ahead and filed suit against Micron. Given the

strength of these IPR petitions, Netlist knew, or reasonably should have known, that its assertion of the '506 and '339 Patents was meritless, and the patents valueless, given the unpatentability of the asserted claims.

28.    Netlist also alleged in its June 10, 2022 complaint in the 203 Case that Micron infringed the '060 and '160 Patents.  Ex. 1, ¶¶ 110-125.

29.    But just two months after it filed its complaint, Netlist received extensive documentation showing clearly and persuasively that the '060 and '160 Patents are also invalid as obvious under 35 U.S.C. § 103.  Specifically, on August 26, 2022, Samsung filed petitions at the PTAB challenging the validity of all claims of the '060 and '160 Patents.  The petitions, which were supported with expert testimony and extensive prior art, demonstrated that the claims of those patents were obvious under 35 U.S.C. § 103 on multiple grounds.  Exs. 4-5.  The '060 petition was 145 pages in length, described five relevant prior art references, and set forth five different grounds that rendered the challenged claims unpatentable.  Ex. 4 at 3, 15-21.  The '060 petition was further supported by a detailed, 435-page declaration from Samsung's expert, Dr. Andrew Wolfe.  Ex. 24.  The '160 petition was 129 pages in length, described five relevant prior art references, and set forth two different grounds that rendered the challenged claims unpatentable.  Ex. 5 at 3, 17-23.  The '160 petition was further supported by a detailed, 339-page declaration from Samsung's expert, Dr. Andrew Wolfe.  Ex. 25.  Given the strength of these IPR petitions, Netlist knew, or reasonably should have known, that its assertion of the '060 and '160 Patents was meritless, and the patents valueless, given the unpatentability of the asserted claims. But Netlist pressed ahead with the litigation anyway.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 14**

30.     Unsurprisingly, the PTAB instituted IPR proceedings on Samsung's four petitions on October 19, 2022 (Ex. 26), October 21, 2022 (Ex. 27), and April 12, 2023 (Exs. 28-29).  The PTAB's institution decisions in each IPR rejected the arguments Netlist raised in its Preliminary Responses filed in opposition to Samsung's petitions for review.  The PTAB instead found that Samsung had established "a reasonable likelihood" that it would prevail in showing that at least one challenged claim of each of the four asserted patents was unpatentable.  Ex. 26 at 37; Ex. 27 at 2, 34; Ex. 28 at 2, 27; Ex. 29 at 2, 28.  Netlist again decided to continue asserting the patents in the Texas federal court notwithstanding the PTAB's conclusions.

31.     In light of the PTAB's decisions to institute IPR proceedings challenging the validity of the '506, '339, '060, and '160 Patents, Micron sought to pause the infringement litigation pending the outcome of the IPR proceedings.  On May 19, 2023, Micron filed a motion to stay, pointing out that the case was at an early stage and that a stay would significantly reduce costs for both sides.  It argued that IPR proceedings were designed to streamline litigation and that the IPRs could resolve the entirety of the 203 Case.  Netlist opposed the motion to stay on June 6, 2023.  Micron filed a reply on June 12, 2023, reiterating that a stay would conserve resources and avoid a substantial amount of work.  Netlist filed a sur-reply further opposing the motion to stay on June 20, 2023.  As a result of Netlist's refusal and insistence on continuing to litigate, Micron was forced to proceed with costly and time-intensive patent litigation in federal court, including fact discovery, motion practice, depositions, claim construction proceedings, and expert discovery.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 15**

32.     On October 17, 2023 (Ex. 8), and October 18, 2023 (Ex. 9), the PTAB, as predicted, issued Final Written Decisions finding all claims of the '506 and '339 Patents unpatentable.  Ex. 8 at 2, 32-33; Ex. 9 at 2, 64-65.

33.     Specifically, for the '506 patent, the PTAB concluded that claims 1, 2, 4, 6, 7, 11, 13-15, 17, and 18 were unpatentable as obvious over U.S. Patent Pub. No. 2010/0312956 A1 to Hiraishi ("Hiraishi") and U.S. Patent Pub. No. 2007/0008791 A1 to Butt ("Butt"); that claims 3, 5, 12, and 16 were unpatentable as obvious over Hiraishi, Butt, and U.S. Patent Pub. No. 2006/0277355 A1 to Ellsberry ("Ellsberry"); and that claims 8-10, 19, 20 were unpatentable as obvious over Hiraishi, Butt, and U.S. Patent No. 6,184,701 B1 to Kim ("Kim").  Ex. 8 at 2, 32-33.  Because the PTAB invalidated all claims of the '506 Patent on these three grounds, it did not reach the three additional grounds of unpatentability set forth in the '506 Patent IPR petition. *Id.* at 30, 32 n.12.

34.     As to the '339 Patent, the PTAB concluded that claims 1-35 were unpatentable as obvious over Ellsberry and U.S. Patent No. 7,024,518 B2 to Halbert ("Halbert").  Ex. 9 at 2, 64-65.

35.     Micron promptly informed the Eastern District of Texas of these decisions in an October 20, 2023 notice.  Micron argued that the decisions weighed in favor of granting its May 2023 motion to stay and renewed its request that the action be stayed to conserve judicial and party resources.

36.     On October 23, 2023, Netlist informed the court that it was no longer pursuing claims for infringement of the '506 or '339 Patents.  It continued to assert the remaining claims in the 203 Case.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 16**

37.      After the PTAB found all asserted claims of the '918 and '054 Patents unpatentable in December 2023, Micron filed a supplement to its motion to stay on December 8, 2023.  It explained that proceeding to trial would require substantial resources, whose expenditure could be avoided with a stay.  It sought oral argument on the motion in a separate December 14, 2023 filing, which Netlist opposed.  Micron thereafter reiterated that the motion to stay would conserve party resources and avoid the costs of trial.

38.      On January 3, 2024, the magistrate judge in the 203 Case issued a report and recommendation recommending that the court deny Micron's motion to stay.  Micron filed an objection to that report and recommendation on January 5, 2024, explaining that it had repeatedly asked Netlist to drop the invalid patents, but Netlist had refused.  It argued that, in the absence of a stay, both Micron and Netlist would present additional experts and witnesses on the invalid patents, adding unnecessary complexity and wasting party and judicial resources.  Netlist again opposed, in a January 19, 2024 filing.  On January 31, 2024, the Eastern District of Texas adopted the report and recommendation and denied Micron's motion to stay.  Here again, Netlist opted to continue asserting the patents.

39.      On February 10, 2024, the court *sua sponte* stayed the 203 Case pending the PTAB's written decisions on the '060 and '160 Patent IPRs.  It stated that trying the case before the PTAB's decisions "risks an inefficient consumption of limited judicial resources that makes imposing a targeted stay, until that ruling is received, advisable."  It therefore stayed the case pending the PTAB's written decisions or further order.

40.      As (again) expected, on April 1, 2024 the PTAB found all asserted claims of the '060 and '160 Patents to be unpatentable.  Exs. 13-14.  With respect to the '060 patent, the

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 17**

PTAB concluded that claims 1-6, 8-14, 16-19, and 29-34 were unpatentable as obvious over U.S. Patent Pub. No. US 2011/0103156 A1 to Kim ("Kim") and U.S. Patent No. 8,041,881 A1 to Rajan ("Rajan"); that claims 1-14, 16-19, and 29-34 were unpatentable as obvious over Kim, Rajan, and U.S. Patent Pub. No. 2011/0026293 A1 to Riho ("Riho"); and that claims 1-6 and 8-34 were unpatentable as obvious over Kim, Rajan, and U.S. Patent No. 7,969,192 B2 to Wyman ("Wyman"). Ex. 13 at 2, 73-74. As with the challenge to the '506 Patent, the PTAB did not reach two additional grounds of unpatentability included in the '060 petition because it had found all the claims to be unpatentable on these three grounds. *Id.* at 72-73, 74 n.15.

41.     As to the '160 patent, the PTAB concluded that claims 1-20 were unpatentable as obvious over U.S. Patent Pub. No. US 2011/0103156 A1 to Kim ("Kim"), Rajan, and Wyman. Ex. 14 at 2, 67-68. As with the challenge to the '506 and '060 Patents, the PTAB did not reach an additional ground of unpatentability explained in the '160 petition because it had found all the claims to be unpatentable on the combination of Kim, Rajan, and Wyman. *Id.* at 66, 67 n.15.

42.     The parties filed a joint notice regarding the stay of the 203 Case on April 12, 2024. Micron explained that all of the asserted patent claims had been found invalid and that trying invalid patents would require substantial, and likely unnecessary, expenses and resources. Netlist, however, asked the court to lift the stay so that Netlist could pursue its infringement case. Netlist's ongoing push to litigate infringement of invalid claims was, upon information and belief, an attempt to continue to pressure Micron to settle. On June 13, 2024, the court rejected Netlist's request to lift the stay, finding that its original reasoning to stay the case "now holds

additional weight given that all asserted claims of all six patents in suit have been invalidated."

43.    Netlist has never taken any steps to dismiss any part of the 203 Case.

44.    Netlist took a similarly bad-faith approach to its assertions against Micron in the 294 Case.

45.    On August 1, 2022, Netlist sued Micron in the Eastern District of Texas, alleging infringement of the '912 Patent. Ex. 30, ¶¶ 38-42.

46.    But Netlist should never have asserted the '912 Patent in the first place. Nearly six months before it filed its complaint in the 294 Case, Netlist received extensive documentation showing clearly and persuasively that the asserted claim of that patent is invalid as obvious under 35 U.S.C. § 103. Specifically, on February 17, 2022, Samsung filed an IPR petition at the PTAB challenging the validity of claim 16 of the '912 Patent. The petition, which was supported with expert testimony and extensive prior art, demonstrated that claim 16 of that patent was obvious under 35 U.S.C. § 103 on multiple grounds. Ex. 16. The '912 petition was 117 pages in length, described three relevant prior art references, and set forth three different grounds that rendered the challenged claim unpatentable. *Id.* at 4, 14-22. The '912 petition was further supported by a detailed, 193-page declaration from Samsung's expert, Dr. Andrew Wolfe. Ex. 31. Ignoring this detailed evidence of invalidity, Netlist proceeded to sue Micron. Given the strength of this IPR petition, Netlist knew, or reasonably should have known, that its assertion of the '912 Patent was meritless, and the patent valueless, given the unpatentability of the asserted claim. Netlist asserted the patent anyway.

47.    Netlist amended its complaint in the 294 Case on August 15, 2022 to allege infringement of the '417 and '215 Patents as well. Ex. 15, ¶¶ 40-66.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 19**

48.      On October 19, 2022, the PTAB instituted IPR proceedings on the '912 petition. Ex. 32.  The PTAB's institution decision rejected the arguments Netlist raised in its Preliminary Responses opposing Samsung's petition and found that Samsung had established "a reasonable likelihood" that at least one challenged claim would be shown to be unpatentable.  *Id.* at 59. Netlist decided again to continue asserting the patent in Texas federal court.

49.      Soon thereafter, Netlist received extensive documentation showing clearly and persuasively that the '417 Patent was also invalid as obvious under 35 U.S.C. § 103.  Specifically, on January 10, 2023, Samsung filed a petition at the PTAB challenging the validity of all claims of the '417 Patent.  The petition, which was supported with expert testimony and extensive prior art, demonstrated that the claims of that patent were obvious under 35 U.S.C. § 103 on multiple grounds.  Ex. 17.  The '417 petition was 128 pages in length, described four relevant prior art references, and set forth three different grounds that rendered the challenged claims unpatentable.  *Id.* at 5, 15-25.  The '417 petition was further supported by a detailed, 340-page declaration from Samsung's expert, Dr. Andrew Wolfe.  Ex. 33.  Given the strength of that IPR petition, Netlist knew, or reasonably should have known, that its assertion of the '417 Patent was meritless, and the patent valueless, given the unpatentability of its claims.  Netlist pressed ahead with its suit anyway.

50.      The PTAB instituted IPR proceedings on this petition on August 1, 2023. Ex. 34.  The PTAB's decision instituting IPR proceedings rejected the arguments Netlist raised in its Preliminary Response to Samsung's petition and found that Samsung had established "a reasonable likelihood" that at least one challenged claim would be shown to be unpatentable.  *Id.* at 2, 41.  Notwithstanding that decision, Netlist opted to continue asserting the patent.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 20**

51.    On December 19, 2023, Micron filed a motion to stay the 294 Case pending the outcome of the IPR proceedings on the '417 and '912 Patents, arguing that a stay would simplify the case and potentially eliminate the need to try infringement. Ex. 18. Netlist refused this request, filing an opposition to the stay motion on January 9, 2024, and insisting that the parties proceed to trial on the invalid patents with all of the attendant costs of discovery, motion practice, expert work, and trial preparation.[3]

52.    On March 12, 2024, the court denied the motion to stay.

53.    On April 17, 2024, as expected, the PTAB issued a Final Written Decision finding the sole asserted claim of the '912 Patent unpatentable as obvious. Ex. 19 at 5, 53-55. Specifically, the PTAB concluded that claim 16 was unpatentable as obvious over U.S. Patent Pub. No. 2006/0277355 A1 to Ellsberry ("Ellsberry"). Because the PTAB invalidated all claims of the '912 Patent on this ground, it did not reach the two additional grounds of unpatentability in the '912 petition. *Id.* at 52. Netlist continued to assert the patent anyway.

54.    On April 17, 2024, Micron moved to stay the 294 Case in light of the PTAB's conclusion that the asserted claim of the '912 Patent was unpatentable and the expected determination on the '417 Patent IPR in the coming months. Netlist opposed that motion on April 22, 2024, instead insisting that Micron incur the substantial expense and distraction of proceeding to trial.

---

[3] By November 2023, Netlist had dropped its infringement allegations concerning the '215 Patent, a decision it confirmed in a January 9, 2024 notice to the court narrowing the asserted patents for purposes of trial.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 21**

55.     Trial on the '417 and '912 Patents took place from May 20, 2024 through May 22, 2024.  The jury was not presented with the grounds for invalidity put forward in the IPR proceedings with respect to those patents.

56.     On July 30, 2024, as expected, the PTAB issued a Final Written Decision finding the '417 Patent obvious and therefore unpatentable—including the claims of the '417 Patent tried to the jury in May 2024.  Ex. 21 at 2, 48-49.

57.     Specifically, for the '417 Patent, the PTAB concluded that claims 1-15 were unpatentable as obvious over Perego and JESD79-2.  Ex. 21 at 2, 48.  Because the PTAB invalidated all claims of the '417 Patent on this ground, it did not reach the two additional grounds of unpatentability in the '417 petition.  *Id.* at 48 n.12.

58.     Aside from ceasing its assertion of the '215 Patent, Netlist has never taken steps to dismiss the 294 Case.

59.     Netlist's repeated and insistent assertions of the '506, '339, '060, '160, '912, and '417 Patents in patent litigation against Micron were meritless and have harmed Micron in Idaho.  Specifically, Netlist continued to assert those patents against Micron, refusing Micron's motions to stay or dismiss the cases and in some cases even subjecting Micron to the burden and expense of a jury trial, notwithstanding the many indications that the claims Netlist was asserting were meritless.  Netlist instead forced Micron to spend significant resources on defending itself from Netlist's claims, including in many cases through claim construction, fact discovery, expert discovery, stay motions, pretrial preparation, jury trial, and IPR proceedings before the PTAB.

60.     In addition to its repeated and ongoing bad faith assertions of the '506, '339, '912, '060, '160, and '417 Patents in infringement litigation against Micron, Netlist also asserted

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 22**

them—and sought to obtain royalties for them—from Micron in the context of licensing discussions between the parties.

61.    On June 24, 2022, Netlist wrote to Micron to demand that Micron pay a $6 per-unit royalty for LRDIMM products and engage in licensing discussions.  It offered to send its Vice President of Licensing and its Strategic Licensing Advisor to an in-person meeting with Micron.

62.    Micron and Netlist met virtually to discuss potential licensing terms on July 6, 2022, and again in-person on July 19, 2022.  A Micron representative attended the July 19, 2022 meeting virtually from Idaho.

63.    Netlist also made burdensome demands on Micron in connection with its assertion of the patents asserted in the 203 and 294 Cases.  Netlist representatives came to Micron's Boise headquarters on 34 separate occasions from July 2023 to October 2023 to conduct inspections of Micron's electronic design files for the products accused of infringement in the Texas lawsuits.  These inspections required a substantial amount of involvement from Micron personnel in Idaho, including IT support.  Netlist's litigation demands imposed significant amounts of Micron engineers' time, during which they could not attend to their usual innovative work.

## V.    CLAIM FOR RELIEF

### Bad-Faith Assertions Of Patent Infringement
### (Idaho Code §§ 48-1701 *et seq.*)

64.    Micron incorporates by reference and re-alleges every allegation contained in the preceding paragraphs as though fully set forth herein.

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 23**

65.    Idaho's Act makes it "unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint[,] or any other communication," Idaho Code § 48-1703(1), and allows a target of such bad faith conduct to "bring an action in district court" to seek relief, *id.* § 48-1706(1). "Each bad faith assertion of patent infringement constitutes a separate violation," *id.* § 48-1706(3), including escalations made with regard to an assertion made previously, *see Katana*, 2023 WL 3231201, at *10 ("[I]n commencing patent litigation against a target, a person may commit a separate violation at each step or escalation of the process, rather than committing one extended violation that begins with the demand letter . . . no matter what escalatory tactics are employed in between.").

66.    Netlist filed suit on the '912, '506, and '339 Patents even after having the opportunity to review clear evidence of their invalidity in detailed IPR petitions and even after the PTAB rejected its arguments defending those patents and instituted IPR proceedings. It refused Micron's entreaties to pause its litigation of the '506 and '339 Patents in May 2023, only to drop those claims five months later once the PTAB (predictably) confirmed that all claims of those patents were unpatentable. It similarly refused to cease its assertion of the '912 patent even after Micron moved to stay and after the PTAB issued a Final Written Decision finding the sole asserted claim of that patent invalid as obvious—instead subjecting Micron to a trial on the confirmed invalid patent. Netlist's conduct in not taking any steps to dismiss its litigation concerning the '060, '160, and '417 Patents, even after the PTAB instituted IPR proceedings (because there was a reasonable likelihood at least one claim of each would be found unpatentable), after Micron's motions to stay, and after the PTAB issued decisions of unpatentability, was similarly in bad faith. *See* Idaho Code § 48-1703(2)(f). Netlist's knowing

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 24**

assertions of invalid patents are quintessential bad faith conduct. Netlist's aggressive approach towards patent enforcement, and the significance of patent licensing and enforcement to its business, further shows its subjective bad faith in its menacing behavior towards Micron.

67.    Netlist further violated the Act by making licensing demands not reasonably based on the value of the patents at issue, including in its June 24, 2022 licensing demand letter and in the parties' ensuing discussions.

68.    The bad faith assertion of the '506 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

69.    The bad faith assertion of the '339 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

70.    The bad faith assertion of the '060 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

71.    The bad faith assertion of the '160 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

72.    The bad faith assertion of the '912 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

73.    The bad faith assertion of the '417 Patent violates the Act, and Micron is entitled to declaratory and monetary relief as a result.

## VI.    ATTORNEYS' FEES

74.    As a result of the conduct by Netlist as enumerated herein, Micron has been required to retain the services of counsel to assist Micron in prosecuting its Complaint against Netlist. Micron is entitled to recover its attorneys' fees in the pursuit of this litigation pursuant to

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH ASSERTION OF PATENT INFRINGEMENT) - 25**

Idaho Code § 48-1706(1)(c), Idaho Rule of Civil Procedure 54, and such further and additional provisions of the Idaho Rules of Civil Procedure and Idaho Code as may be applicable.  A reasonable attorneys' fee in the event judgment is entered against Netlist after the entry of default is $40,000 and an additional amount if this Complaint is answered or otherwise defended.

## VII.    REQUEST FOR A JURY TRIAL

75.    Micron requests a jury trial of all issues in this action that are so triable.

## VIII.    PRAYER FOR RELIEF

76.    Micron respectfully requests that this Court grant the following relief:

(a)    A declaration that Netlist has violated Idaho Code § 48-1703 in asserting the '506, '339, '060, '160, '912, and '417 Patents against Micron in bad faith and thus engaged in an unlawful, unfair, and deceptive act or practice in trade or commerce under the Idaho Consumer Protection Act.

(b)    An award of damages, both compensatory and exemplary, pursuant to Idaho Code § 48-1706(b) and (d) and any other applicable authority.

(c)    An award of costs and fees, including reasonable attorney fees associated with this litigation, pursuant to Idaho Code § 48-1706(c), Idaho Rule of Civil Procedure 54, and any other applicable authority.

(d)    All other relief that the Court deems just and proper.

DATED:  June 2, 2025

HOLLAND & HART LLP


By:/s/Teague I. Donahey
Teague I. Donahey
Christopher C. McCurdy

Jared Bobrow (*pro hac vice* application forthcoming)
Jason Lang (*pro hac vice* application forthcoming)
Wesley L. White (*pro hac vice* application forthcoming)
Kim B. Goldberg (*pro hac vice* application forthcoming)
ORRICK, HERRINGTON & SUTCLIFFE LLP

Attorneys for Plaintiffs Micron Technology, Inc., and
Micron Semiconductor, Inc.

35091349_v1

**COMPLAINT FOR VIOLATION OF IDAHO CODE § 48-1703 (BAD FAITH
ASSERTION OF PATENT INFRINGEMENT) - 27**