UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC., a Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation <br><br> Plaintiffs, <br><br> v. <br><br> NETLIST, INC., a Delaware corporation, <br><br> Defendant. | Case No. 1:25-cv-00323-AKB <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendant Netlist's (Netlist) Motion to Dismiss (Dkt. 5), its Motion to Transfer to the Eastern District of Texas (Dkt. 6), and Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc.'s (collectively Micron) Motion to Remand (Dkt. 14). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). Based upon the following, the Court grants Micron's motion to remand and denies the other motions as moot.

## I.    BACKGROUND

This action is the third lawsuit Micron has filed against Netlist in Idaho state court under the Idaho Bad Faith Assertions of Patent Infringement Act, Idaho Code §§ 48-1701–08 (the Idaho Act), alleging that Netlist pursued infringement actions of patents it knew, or should have known, were invalid (Dkt. 14-1 at 7). As in the prior two cases, Netlist removed the action to this Court

**MEMORANDUM DECISION AND ORDER – 1**

and asserted federal subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1442(a)(2) (Dkt. 14-1 at 7). Both prior actions were assigned to the Honorable Judge Nye, who concluded the Court lacked subject matter jurisdiction and remanded the matters to Idaho state court. *See Micron Tech., Inc. v. Netlist, Inc.*, 744 F. Supp. 3d 1115, 1127 (D. Idaho 2024); *Micron Tech., Inc. v. Netlist, Inc.*, No. 24-cv-00081-DCN, 2024 WL 3794139, at *8 (D. Idaho Aug. 13, 2024). The factual background underlying the parties' broader patent disputes is set forth in detail in those decisions. The Court recounts here only those facts necessary to resolve the pending motions.

Micron is a semiconductor manufacturer headquartered in Boise, Idaho (Dkt. 1-3 ¶ 2). Netlist designs and manufactures high-performance memory and computing products and maintains a substantial patent portfolio (Dkt. 33 at 9). In 2022, Netlist filed two patent infringement suits against Micron in the United States District Court for the Eastern District of Texas, alleging Micron infringed nine patents, including U.S. Patent Nos. '060, '160, '506, '339, '912, and '417 (the Asserted Patents) (Dkt. 1-3 ¶¶ 4, 9; Dkt. 14-1 at 7, 8 n.1). In the course of litigation, the U.S. Patent Office Patent Trial and Appeal Board (PTAB) conducted *inter partes* review (IPR), challenging the validity of the Asserted Patents, and found them obvious on multiple grounds and therefore unpatentable (Dkt. 1-3 ¶¶ 4–5, 9–10). Despite those proceedings, litigation continued in Texas. A jury ultimately returned a verdict in Netlist's favor on the '912 and '417 patents, awarding Netlist $445 million in damages (Dkt. 33 at 11).

On June 2, 2025, Micron filed suit against Netlist in Idaho state court, alleging that Netlist's attempted assertion of the Asserted Patents was brought in bad faith in violation of the Idaho Act (Dkt. 1-3). Shortly thereafter, Netlist removed the action, claiming this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, or alternatively under 28 U.S.C. § 1442(a)(2) (Dkt. 1). Netlist then moved either to dismiss the case or to transfer it to the Eastern District of Texas, where Netlist is

**MEMORANDUM DECISION AND ORDER – 2**

attempting to enforce the Asserted Patents (Dkts. 5, 6). Micron moved to remand this case back to Idaho state court, arguing that this Court lacks subject matter jurisdiction, including based on Netlist's asserted grounds or any other grounds (Dkt. 14).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under § 1441(a), a suit filed in state court may be removed to federal court if the federal court had original jurisdiction over the suit. Section 1442(a)(2), also known as federal title dispute statute, provides an additional avenue for federal jurisdiction, authorizing "owners of federally-derived property rights to remove a cause of action to federal court—even where a federal officer is not a defendant—if the action 'affects the validity of any law of the United States.'" *Vermont v. MPHJ Tech. Invest., LLC*, 803 F.3d 635, 647 (Fed. Cir. 2015) (quoting § 1442(a)(2)).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The existence of federal jurisdiction is tested at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The burden of establishing federal jurisdiction is on the party seeking removal. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

## III.    ANALYSIS

Micron argues the case should be remanded because the Court does not have subject matter jurisdiction (Dkt. 14-1 at 7). Netlist, however, argues the Court has subject matter jurisdiction pursuant to §§ 1331, 1338. (Dkt. 14-1 at 7). Alternatively, Netlist contends removal was proper

under § 1442 (Dkt. 14-1 at 7). The Court concludes that it does not have subject matter jurisdiction under these provisions.

## A.    Jurisdiction Under 28 U.S.C. §§ 1331 and 1338

Netlist argues that the Court has jurisdiction under §§ 1331 and 1338 because Micron's state law claim under the Idaho Act necessarily raises substantial questions of federal patent law. Federal question jurisdiction is the original jurisdiction of district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Consequently, a defendant may not remove a case to federal court based on a federal defense to the plaintiff's claims. *Id.* at 903–04.

Pursuant to § 1338(a), federal courts have jurisdiction over "any civil action arising under any Act of Congress relating to patents[.]" For statutory purposes, a case can arise under patent law in two ways: patent law "creates the cause of action asserted" or where the plaintiff's right to relief necessarily depends on the resolution of a substantial question of patent law. *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013). The Supreme Court has emphasized that the first category "accounts for the vast bulk of suits that arise under [patent] law," while cases falling under the "small and special" second category are "extremely rare." *Id.* at 257; *see Acorda Therapeutics, Inc. v. Alkermes PLC*, 145 F.4th 1299, 1305 (Fed. Cir. 2025).

Here, it is undisputed that Micron's complaint does not "aris[e] under any Act of Congress relating to patents," *Gunn*, 568 U.S. at 257, as it was brought solely under the Idaho Act. Accordingly, for the Court to have jurisdiction over Micron's case, it must come within the small,

second category of cases that nonetheless arise under federal law. *See Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355, 1361 (Fed. Cir. 2019).

Under the four-prong test articulated in *Gunn*, federal jurisdiction over a state-law claim lies where the action involves a patent-law issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. If the *Gunn* test is met, then federal question jurisdiction is proper "because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

As the party seeking removal, Netlist bears the burden of establishing jurisdiction under the four-prong framework articulated in *Gunn*.

### 1.    Whether a Patent Law Issue is Necessarily Raised

The first *Gunn* prong requires the Court to determine whether Micron's state claim necessarily raises a federal patent question. 568 U.S. at 259. Micron brought a single claim for bad faith under the Idaho Act. Section 48-1703 makes it "unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint or any other communication." The statute contains a list of factors a court may consider to determine whether a person made a bad faith assertion of patent infringement, including that: "[t]he demand letter demands payment of a license fee or response within an unreasonably short period of time"; "[t]he person asserting a claim or allegation of patent infringement acts in subjective bad faith, or a reasonable actor in the person's position would know or reasonably should know that such assertion is meritless"; "[t]he claim or assertion of patent infringement is deceptive"; "[t]he person or its subsidiaries or affiliates have previously filed or threatened to file one (1) or more lawsuits alleging patent infringement

**MEMORANDUM DECISION AND ORDER – 5**

based on the same or similar claim; the person attempted to enforce the claim of patent infringement in litigation and a court found the claim to be meritless"; and "[a]ny other factor the court finds relevant." I.C. § 48-1703(2)(d)–(i).

The Idaho Act also provides four factors a court may consider in determining that a person has not made a bad faith assertion of patent infringement, including that: "[t]he person engages in a good faith effort to establish that the target has infringed the patent and to negotiate an appropriate remedy"; "[t]he person makes a substantial investment in the use of the patent or in the production or sale of a product or item covered by the patent"; "[t]he person has [d]emonstrated good faith in previous efforts to enforce the patent, or a substantially similar patent[,] or [s]uccessfully enforced the patent, or a substantially similar patent, through litigation"; and "[a]ny other factor the court finds relevant." I.C. § 48-1703(3)(a)-(d).

To prevail on its claim under the Idaho Act, Micron does not need to show that Netlist violated patent law or any other federal provision. That is, the right it seeks to vindicate is the protection against "abusive and bad faith assertions of patent infringement," a right afforded to all Idaho businesses—not a right created by federal law. I.C. § 48-1701(2). Notwithstanding the fact that the Asserted Patents are subject to federal regulation, Micron's claims may be assessed entirely by applying Idaho legal standards to the facts in this case.

Netlist argues that Micron's bad-faith patent assertion claim necessarily raises substantial questions of federal patent law because federal law holds that success under a state bad-faith statute requires a plaintiff to show that the challenged assertion was "objectively baseless," such that "no reasonable litigant could realistically expect success on the merits." (Dkt. 33 at 7) (quoting *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1376 (Fed. Cir. 2004)).

MEMORANDUM DECISION AND ORDER – 6

Micron argues, however, that "the need to show objective baselessness flows from Netlist's preemption defense rather than from the Idaho Act itself" (Dkt. 34 at 15).

Micron is correct in that *Globetrotter Software* involved federal preemption—not subject matter jurisdiction. 362 F.3d at 1376 (holding state law was preempted by federal law because it permitted state to bar defendant's infringement assertions without showing objective baselessness). As noted above, a defendant may not remove a case to federal court based on a federal defense to the plaintiff's claims. *BP PLC*, 969 F.3d at 903–04. As a practical matter, however, the Court notes that Netlist clearly intends to assert federal preemption as an affirmative defense.

If Netlist does so, Micron will be required to establish that the challenged patent assertions were objectively baseless to avoid preemption, making it a necessary component of Micron's bad-faith claim. *See Globetrotter Software*, 362 F.3d at 1374. To determine whether a patent assertion is objectively baseless, a court must evaluate the viability of the underlying infringement allegations, including issues of patent validity and infringement—questions "which present[] 'a substantial question of federal patent law.'" *Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013) (quoting *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1329–31 (Fed. Cir. 1998)). Accordingly, assuming Netlist asserts its anticipated preemption defense, the Court concludes that Micron's claim necessarily raises federal patent issues sufficient to satisfy *Gunn*'s first prong. *See Micron Tech.*, 744 F. Supp. 3d at 1125–26.

### 2.    Whether a Patent Law Issue is Actually Disputed

The second prong of *Gunn* requires that the federal issue be actually disputed. *Gunn*, 568 U.S. at 259. Though not a necessary element of Micron's claim, the Court notes the issue of whether the Asserted Patents are unpatentable is actually disputed (Dkt. 14-1 at 7–8; Dkt. 33 at

MEMORANDUM DECISION AND ORDER – 7

18). Netlist has vigorously pursued its claims of patent infringement in the Eastern District of Texas (Dkt. 1-3 ¶¶ 7, 9–10, 26; Dkt. 33 at 18). The Court has no reason to believe that Netlist will not defend itself against the issue of patent infringement and invalidity with the same vigor. Accordingly, this prong is satisfied.

### 3.    Whether the Patent Law Issue is Substantial

The third prong under *Gunn* requires a "substantial" federal issue. 568 U.S. at 258. For an issue to be sufficiently substantial under *Gunn*, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim necessarily raises a disputed federal issue." *Id.* at 260. Instead, courts look "to the importance of the issue to the federal system as a whole." *Id.* An issue is important to the federal system as a whole where it presents "potential for inconsistent judgments between state and federal courts." *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3 (Fed. Cir. 2018). This potential must be based on real-world patent litigation results, not hypothetical inconsistencies. *Gunn*, 568 U.S. at 261–62.

Using the factors articulated by the Supreme Court in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006), the Federal Circuit notes that a substantial federal issue is more likely to be present if: (1) a pure issue of federal law is dispositive of the case; (2) the court's resolution of the issue will control numerous other cases; and (3) the Government has a direct interest in the availability of a federal forum to vindicate its own administrative action. *Inspired Dev. Grp.*, 938 F.3d at 1364 (quoting *NeuroRepair, Inc. v. The Nath L. Grp.*, 781 F.3d 1340, 1345 (Fed. Cir. 2015)). These factors are nonexclusive, and no single factor is necessarily controlling. *NeuroRepair, Inc.*, 781 F.3d at 1345.

Even assuming arguendo that Micron's claims "necessarily raised" an issue of patent law that was "actually disputed," the federal issue in this case is "not substantial in the relevant sense,"

**MEMORANDUM DECISION AND ORDER – 8**

*Gunn*, 568 U.S. at 260, a conclusion bolstered by consideration of the above factors. First, the patent infringement issues are not dispositive of whether Micron is entitled to relief. As discussed above, Micron could prevail on its bad faith claim without a determination that it did not infringe on the Asserted Patents. Netlist disagrees, arguing that "a failure to establish objective baselessness is dispositive" (Dkt. 33 at 19). Assuming Netlist raises preemption as an affirmative defense or as a counterclaim, Micron would be required to establish objective baselessness. *See Globetrotter Software*, 362 F.3d at 1377. But, as Micron correctly points out, objective baselessness is "only one of several elements needed to prevail," making the issue not "dispositive" for purposes of substantiality (Dkt. 34 at 12) (quoting *Inspired Dev.*, 938 F.3d at 1364).

Further, the state court's resolution of Micron's claim will not have any effect on other cases. Netlist contends that the prospect of state courts halting out-of-state patent holders from vindicating federal patent rights could impact numerous other cases (Dkt. 33 at 19). The Idaho Act, however, protects Idaho businesses from abusive patent-assertion tactics—not good faith enforcement efforts. I.C. § 48-1701(c)–(d). Indeed, the Idaho Act reiterates that "patent holders have every right to enforce their patents when they are valid and infringed, to solicit interest from prospective licensees and to initiate patent enforcement litigation as necessary to protect intellectual property." I.C. § 48-1701(b). Accordingly, allowing an Idaho court to resolve this case will not "undermine the development of a uniform body of patent law." *Gunn*, 568 U.S. at 261 (citation modified).

Netlist further argues that this case creates a risk of inconsistent judgments between state and federal courts because "Micron's suit is a blatant collateral attack on Netlist's $445 million infringement verdict" (Dkt. 33 at 20). It maintains that Micron cannot plausibly claim that "no reasonable litigant could have expected to succeed on the merits" because a jury ruled in Netlist's

**MEMORANDUM DECISION AND ORDER – 9**

favor (*id.*). But the fact that Netlist "[s]uccessfully enforced the patent, or a substantially similar patent, through litigation," is but one factor the court may consider as evidence that a person has not made a bad faith assertion of patent infringement. I.C. § 48-1703(3)(c)(ii).

Netlist's citation to *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993) is unavailing (Dkt. 33 at 20–21). There, the Court noted that, in the context of sham exception to *Noerr* doctrine immunity from antitrust liability, "[a] winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham." *Id.* at 60 n.5. Netlist points to no authority, nor is the Court aware of any, that extends this principle to bad faith claims.

Netlist also accuses Micron of "attempt[ing] to end run Judge Gilstrap's stay order in the *DJ Action*, which rejected Micron's argument that its claims should be resolved in Idaho and held that Micron's claims are premature while the appeal of the IPR decisions remain[s] pending" (Dkt. 33 at 20). But the procedural posture of these two cases is different. In the Texas case, Netlist seeks a declaratory judgment that the two underlying patent infringement cases were not brought in bad faith and that the Idaho Act is preempted by federal law and barred by the First Amendment (Dkt. 33 at 10); *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:23-CV-00628, Dkt. 1 (E.D. Tex. Dec. 22, 2023). Here, however, Micron seeks statutory remedies against Netlist's alleged "abusive patent litigation" (Dkt. 1-3 ¶ 1). Interestingly, Netlist characterizes Micron's action as "a clear attempt to circumvent" the Texas stay order and "win a race to judgment" (Dkt. 6-1 at 8), while also admitting that it sought a declaratory judgment in anticipation of the instant action (Dkt. 33 at 10). Regardless, the Court is not persuaded that Micron's claim poses a risk of inconsistent judgments merely because, in the event Micron prevails against Netlist in the underlying patent infringement litigation, Micron *could* seek Rule 11 or exceptional case determinations, which "*may* conflict with

state-court determinations under [the Act]" (Dkt. 33 at 21) (emphasis added). The *Gunn* Court, however, expressly held that the federal courts are not bound by state-court resolution of patent-adjacent questions. 568 U.S. at 262.

Finally, the government has no direct interest in this dispute between private parties. *Inspired Dev. Grp.*, 938 F.3d at 1368. Nor is there a larger government interest at play. Rather, the issues here are only significant to the relevant parties and their specific disputes. Accordingly, all of these factors establish that the issue of patent infringement here is not a substantial federal question for purposes of § 1338. Therefore, any federal issue necessarily raised is not substantial. Accordingly, the third *Gunn* requirement is not met.

### 4.      Whether Removal Would Disrupt the Federal–State Balance

The fourth prong under *Gunn* looks at whether exercising jurisdiction would disturb the "congressionally approved balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 258. In the absence of a substantial federal issue, "[i]t follows" that exercise of federal jurisdiction over a state claim would disrupt the "appropriate balance of federal and state judicial responsibilities." *Id.* at 264 (citation modified). Additionally, the balance inquiry requires sensitivity in recognizing claims of the "sort ordinarily resolved in state courts." *Empire Healthchoice Assurance*, 547 U.S. at 683.

Here, the States have a "long history of state common-law and statutory remedies against . . . unfair business practices," making it "plain that this is an area traditionally regulated by the States." *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989); *see also Gunn*, 568 U.S. at 264 (holding federal jurisdiction would run afoul of federal–state balance requirement where issue implicated area traditionally addressed by states). Additionally, given the absence of a substantial issue of federal law, there is a stronger interest in allowing state courts to resolve claims arising under state law. *See id.* at 264 (noting Supreme Court had "no reason to suppose that Congress—

in establishing exclusive federal jurisdiction over patent cases" intended to deprive state courts of hearing state claims "simply because they require resolution of a hypothetical patent issue"). Therefore, because Micron's state law claim is not capable of resolution in federal court without disrupting the congressionally approved federal–state balance, the fourth prong of *Gunn* is not met.

Although Micron's claim necessarily raises an issue of patent law that is actually disputed, the federal issue in this case is "not substantial in the relevant sense" and exercising jurisdiction would disrupt the federal–state balance. Accordingly, the Court cannot exercise jurisdiction under §§ 1331 and 1338.

**B.    Jurisdiction Under 28 U.S.C. § 1442(a)(2)**

Netlist's Notice of Removal also cites § 1442(a)(2) as a basis for removal (Dkt. 1 at 2). Section 1442(a) is a "seldom-invoked federal-title-dispute removal provision" that allows the removal of actions by "owners of federally derived property rights . . . if the action 'affects the validity of any law of the United States.'" *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 Fed. App'x 604, 608 (2d Cir. 2014); *MPHJ Tech. Invs.,* 803 F.3d at 647 (quoting § 1442(a)(2)). Section 1442 represents an exception to the general rule that the basis for removal must be set forth in a well-pleaded complaint. *Mesa v. California*, 489 U.S. 121, 136 (1989). For purposes of § 1442(a)(2), it is the assertion of a federal-law right in the property holder's removal petition that establishes the federal law under which the action arises. *See id.* Removal is proper under § 1442(a)(2) when (1) an action is instituted in state court; (2) the action is against or directed to the holder of a property right; (3) the property right is derived from a federal officer; and (4) the action would "affect" the validity of a federal law. *MPHJ Tech. Invs.*, 803 F.3d at 647.

Netlist first argues its anticipated federal preemption defense alone gives rise to jurisdiction under § 1442(a)(2), citing to *Jefferson County v. Acker*, 527 U.S. 423 (1999), and *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006). Both those cases involved § 1442(a)(1), which permits

**MEMORANDUM DECISION AND ORDER – 12**

removal by any federal officer acting under color of law and has been broadly interpreted to cover all cases where federal officers raise a colorable defense arising out of their official duties. *Acker*, 527 U.S. at 431 (holding "the federal-question element [of § 1441(a)(1) is met if the defense depends on federal law"); *Kircher*, 547 U.S. at 644 n.12 (explaining that "the federal officer removal statute allows suits against federal officers to be removed despite the nonfederal cast of the complaint, and reflects a congressional policy that federal officers, and indeed the Federal Government itself, require the protection of a federal forum") (citation cleaned up).

Section 1442(a)(2), on the other hand, requires compliance with two prongs: (1) the property in controversy must derive from an officer of the United States; and (2) the controversy regarding the property must affect the validity of any law of the United States. Subsection (a)(2) is distinguishable from the federal officer removal statute, in that the former requires a showing of a colorable federal defense. The federal title dispute statute, however, contains no such requirement. A majority of courts have also recognized this distinction, holding "such defensive matters do not supply removal jurisdiction under § 1442(a)(2)." *Town of Stratford v. City of Bridgeport*, 434 F. Supp. 712, 713, 715 (D. Conn. 1977); *see also Valles v. Bayou Place, L.P.*, No. 4:19-CV-01725, 2019 WL 7666694, at *6 (S.D. Tex. Dec. 19, 2019); *Vanouwerkerk v. Owens-Corning Fiberglass Corp.*, No. 99CV179, 1999 WL 335960, at *13 (E.D. Tex. May 26, 1999); *Cal. Dep't of Educ. v. S.F. Unified Sch. Dist.*, No. C-98-1417, 1998 WL 241603, at *5 (N.D. Cal. May 7, 1998). Thus, Netlist's anticipated preemption defense alone cannot establish removal jurisdiction under § 1442(a)(2), and the Court must independently examine whether the statute's other requirements are satisfied.

Netlist next argues it satisfies § 1442(a)(2)'s requirements because the Asserted Patents it owns "are derived from a federal officer/agency, the Director of the United States Patent &

Trademark Office (USPTO)" (Dkt. 1 ¶ 9), and "[t]his action would affect the validity of various United States laws, including those granting patent rights, for example, 35 U.S.C. §§ 151, 271, 281, 282, and 287, by seeking to restrain Netlist from enforcing rights to which it is entitled to under the Patent Act" (Dkt. 1 ¶ 16). Micron, however, argues that its complaint does not satisfy § 1442(a)(2) because Netlist is not a covered property holder and Micron's bad-faith claim does not challenge any federal law's validity (Dkt. 14-1 at 8, 24; Dkt. 34 at 15).

The Court need not decide whether Netlist derived title to the Asserted Patents from a federal officer because even if it did, Micron's suit plainly does not challenge the validity of any federal law. There is no clear standard for determining whether an action affects the validity of federal law. Some courts hold that a lawsuit affects the validity of a federal law where it "would evade . . . or otherwise frustrate [the law's] aims." *See Carney v. Washington*, 551 F. Supp. 3d 1042, 1053–54 (W.D. Wash. 2021); *see also Town of Davis v. W. Va. Power & Transmission Co.*, 647 F. Supp. 2d 622, 627 (N.D.W. Va. 2007) (holding removal of eminent domain action was proper under § 1442(a)(2) because "federal regulations, whose object—the reservation to the United States of certain interests in property purchased through federal grants—certainly stands to be frustrated by this action"). Other courts require a showing that the action presents an attack upon the validity of any federal law. *See Veneruso*, 586 Fed. App'x at 608; *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 669 (E.D. Tex. 1999); *Stratford*, 434 F. Supp. at 713, 715; *Valid*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining valid as "legally sufficient"); *see also Est. of Clough ex rel. Foley v. THI of Nev. at L.V. I*, No. 217CV00273, 2017 WL 3503718, at *2 (D. Nev. Aug. 16, 2017) (finding the action "in no way affects the validity of any federal law" because plaintiffs did not argue any federal law was "constitutionally infirm" or otherwise challenge it). Netlist urges the Court to adopt the frustration standard (Dkt. 33 at 23),

while Micron argues that "validity" encompasses only actions that challenge a federal law's legitimacy (Dkt. 34 at 14). Because Micron's claims do not involve a "challenge to the validity of a law of the United States" under either standard, the Court addresses them both.

First, the Court is not persuaded that punishing a patent holder's bad-faith litigation tactics would frustrate the aims of patent law. Netlist claims that Micron's action would affect the validity of §§ 151 (Issue of patent), 271 (Infringement of patent), 281 (Remedy for infringement of patent), 282 (Presumption of validity; defenses), and 287 (Limitation on damages and other remedies; marking and notice) because it "improperly attempts to limit Netlist's ability to enforce its patents under federal law" (Dkt. 33 at 8). According to Netlist, "Micron's claim affects the validity of federal patent laws by "evad[ing] them or otherwise frustrat[ing] their aims" (*id.* at 24) (quoting *Carney*, 551 F. Supp. 3d at 1054). Other than "limiting [its] ability to enforce its patents under federal law," Netlist fails to articulate any purpose frustrated by the Idaho Act. Furthermore, the Court is not convinced that the Idaho Act curtails lawful patent enforcement; rather, it targets only bad-faith assertion conduct, which poses no obstacle to the objectives of federal patent law. *Katana Silicon Techs. LLC v. Micron Tech., Inc.*, 671 F. Supp. 3d 1138, 1153 (D. Idaho 2023). This case is, thus, distinguishable from cases finding frustration where state actions would directly interfere with federal regulatory schemes. *See Davis*, 647 F. Supp. 2d at 627 (holding removal of eminent domain action was proper under § 1442(a)(2) because "federal regulations, whose object—the reservation to the United States of certain interests in property purchased through federal grants— certainly stands to be frustrated by this action"); *Carney*, 551 F. Supp. 3d at 1053–54 (finding § 1442(a)(2) removal proper where a state quiet-title action would evade federal statutes governing Indian trust lands and frustrate federal policies protecting tribal property interests). Accordingly, the Court finds that the goals of the relevant federal regulations—protecting valid patents and

MEMORANDUM DECISION AND ORDER – 15

encouraging good faith enforcement of patents—are not frustrated by the Idaho Act's complementary protection against abusive and bad-faith patent assertions. *See also Katana*, 671 F. Supp. 3d at 1153; *Micron Tech.*, 744 F. Supp. 3d. at 1125.

Netlist further asserts that Micron's suit "clearly conflicts with—and thereby frustrates—federal law requiring the Court to find not only that the patents were invalid or not infringed, but also that no reasonable litigant could have thought otherwise when Netlist brought suit" (Dkt. 33 at 25). In making this argument, Netlist again relies on the absence of an express statutory requirement in the Idaho Act that Micron prove any patent suits were objectively baseless (*id.* at 24–25). This argument was expressly rejected in *Katana*,[1] where the Court explained that although the Idaho Act does not specifically list a finding of objective bad faith as a factor, its catch-all provisions allow courts to consider any relevant factor, including objective bad faith. 671 F. Supp. 3d at 1151–52 (citing § 48-1703(2)(i), (3)(d)). Accordingly, the Court concludes that Micron's claim under the Idaho Act does not conflict with nor frustrate federal patent law.

Nor does the Court find that Micron's action challenges the validity of any federal patent laws. Micron's action does not purport to affect the validity of any federal law, and none of the statutes Netlist identifies meet § 1442(a)(2)'s standard because Micron's suit does not attack their validity. Netlist's citation to *Benitez-Bithorn v. Rossello-Gonzalez*, 200 F. Supp. 2d 26, 31 (D.P.R. 2002), is misplaced. In that case, the state-law claims necessarily implicated a federal statute because the plaintiff claimed the statute was invalid insofar as it directed the transfer of property that allegedly belonged to her. *Id.* Thus, the validity of a federal statute was at issue because the

---

[1] Netlist argues that the Court should not rely on *Katana* because it is currently on appeal to the Federal Circuit and appellants are challenging "the very same statute on preemption grounds" (Dkt. 33 at 24). But the fact that Katana is currently on appeal does not change the Court's conclusion, and Netlist has provided no persuasive reason to revisit the Court's prior reasoning.

plaintiff's complaint attacked its validity. *See also Stratford*, 434 F. Supp. at 713, 715 (holding § 1442(a)(2)'s validity element was not satisfied where plaintiff did not allege the invalidity of easement title derived from the United States). By contrast, Micron's claim does not challenge the validity of federal patent law in any respect. "The failure to meet this requirement is fatal to the present case." *Id.* at 715.

Because Micron's action neither frustrates nor attacks the validity of any federal law, the Court does not have subject matter jurisdiction under § 1442(a)(2).

## IV.    ORDER

**IT IS HEREBY ORDERED** that:

1.      Plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc.'s Motion to Remand (Dkt. 14) is **GRANTED**. This case is **REMANDED** to the District Court for the Fourth Judicial District of the State of Idaho, County of Ada.

2.      Defendant Netlist's Motion to Dismiss (Dkt. 5) is **DENIED as MOOT**.

3.      Defendant Netlist's Motion to Transfer to the Eastern District of Texas (Dkt. 6) is **DENIED as MOOT**.

4.      This case is **CLOSED**.

DATED: March 25, 2026



Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER – 17**